■ JOSEPH ORSINI, Individually and as Parent and Natural Guardian of JASON ORSINI, an Infant, Appellant, v. GUILDERLAND CENTRAL SCHOOL DISTRICT No. 2 OF THE TOWNS OF GUILDERLAND, BETHLEHEM AND NEW SCOTLAND, et al., Respondents.— Appeal from a judgment of the Supreme Court in favor of defendants, entered November 28, 1973 in Albany County, upon a dismissal of the complaint by the court at a Trial Term at the close of plaintiffs' case. This action is one based in negligence for personal injuries sustained by Jason Orsini and for medical expenses and loss of services sustained by his father, Joseph Orsini. On Saturday, May 1, 1971, Jason Orsini, an infant, 8 years of age, was a spectator at a baseball game being played on the grounds of Altamont Elementary School, which is owned and maintained by the defendant school district. The infant was injured when he was in collision with a bicycle being operated by the defendant Donald Hildreth, aged 12. While there were several witnesses who testified on behalf of the plaintiffs, only the infant plaintiff and defendant Hildreth testified as to the actual happening of the accident. All the other witnesses testified that they did not see the accident itself. The record reveals that during the course of the ball game there were about a half dozen others riding bicycles in the area and some of them were moving fast. Hildreth testified that he was stopped at the time of the impact. The infant plaintiff, however, testified that Hildreth came down the hill and hit him and that both he and the bicycle were moving at the time of the impact. At the end of plaintiffs' proof (they rested with the exception of medical proof) both defendants moved for a nonsuit and the trial court granted their motions. Considering the testimony in the most favorable light to the infant plaintiff, the record reveals no negligence on the part of either of these defendants. The mere fact that Hildreth's bicycle was moving at the time of impact and struck the infant plaintiff does not constitute negligence. As far as the school district is concerned, the accident happened on a Saturday. The ball game was not a school-related activity and there was no requirement for supervision. There is no testimony that the school district had knowledge that bicycles had been ridden in the area in a negligent or dangerous manner prior thereto. On this record, the Trial Term properly granted the motion and we should affirm. (See Bennett v. Board of Educ. of City of N. Y., 16 A D 2d 651, affd. 13 N Y 2d 1104.) Judgment affirmed, without costs. Staley, Jr., J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.